**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **GREAT AMERICAN ASSURANCE COMPANY** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 25-1724** |
| **WEED, ET AL.** | * | **SECTION L (3)** |

## ORDER AND REASONS

Before the Court is a Motion for Default Judgment against Defendant Herman Rogge filed by Plaintiff Great American Assurance Company. R. Doc. 22. The Motion is unopposed, and Rogge is unquestionably in default. R. Doc. 14. However, a party is not entitled to a default judgment merely because the defendant is technically in default. *Ganther v. Ingle*, 75 F.3d 207, 212 (5th Cir. 1996). Rather, "the entry of default judgment is committed to the discretion of the district judge." *Mason v. Lister*, 562 F.2d 343, 345 (5th Cir. 1977). It is well established that "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989) (footnote omitted).

Moreover, "[w]hen one of multiple defendants has defaulted, judgment should generally not be entered against the defaulting defendant until the matter has been adjudicated as to all defendants." *Lohri v. Countrywide Home Loans, Inc.*, No. 4:12-cv-568, 2013 WL 308893, at *1 (E.D. Tex. Jan. 25, 2013); *see also Frow v. De La Vega*, 15 Wall. 552, 82 U.S. 552, 553–54, 21 L.Ed. 60 (1872) ("[I]f the suit should be decided against the complainants on the merits, the bill will be dismissed as to all the defendants alike—the defaulter as well as the others. If it be decided in the complainant's favor, he will then be entitled to a final decree against all. But a final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would

be incongruous and illegal."). This is particularly important when defendants have closely related defenses because, in such a case, the entry of the default judgment against the defaulted defendant might prejudice another defendant who has appeared. *Lohri*, 2013 WL 308893, at *1 (citation omitted).

Here, to enter default judgment against Rogge would require the Court to make several merits determinations that would apply equally to Plaintiff's claims against non-defaulted Defendants Terry Weed and Scott Lorenzo Urbina. This would prejudice Weed and Urbina. They have not defaulted and are entitled to defend against Plaintiff's claim before a judgment is reached thereto. Accordingly,

**IT IS ORDERED** that Plaintiff's Motion for Default Judgment, R. Doc. 22, is hereby **DENIED WITHOUT PREJUDICE** to Plaintiff's right to reassert its entitlement to default judgment against Rogge once its claims against Weed and Urbina have been adjudicated.

New Orleans, Louisiana, this 28th day of August, 2026.

Eldon E. Fallon

United States District Judge